### SUSAN L. BELL *vs.* CITY OF NEWTON.

Middlesex.   November 19, 20, 1902. — June 12, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Municipal Corporations.   Way.   Practice, Civil,* Parties.

Under St. 1884, c. 226, (St. 1902, c. 503,) authorizing a city or town to agree in writing with the owner of land taken for a way, to assume any betterments assessed upon the remainder of his land, if "on such terms as may be agreed upon" he shall release to the city or town all claims for damages on account of the laying out and construction of the way, a city as part of its agreement lawfully may undertake to make a cash contribution to the landowner sufficient to pay whatever sewer assessments may be laid upon his land, and to take care of all surface water.

A wife holding the legal title to a tract of land owned and paid for by her husband, made an agreement in writing with the city in which the land lay, to release damages for the taking of a portion of it for a highway in consideration of an agreement on the part of the city to assume betterments, pay for sewer assessments and take care of all surface water. The wife and husband sold and conveyed this land and took back a mortgage on it as part of. the consideration. The purchaser made default, and to avoid foreclosure proceedings conveyed the land to a third person solely for the benefit of the original beneficial owner. The city broke its agreement to pay sewer assessments and take care of the surface water, and the wife of the owner sued the city on its contract with her for the benefit of her husband. *Held,* that the action could be maintained. '

CONTRACT for alleged breach of an agreement in writing made under St. 1884, c. 226, (St. 1902, c. 503,) by the failure of the defendant to pay to the plaintiff a sum sufficient to discharge whatever sewer assessments might be laid on the land, released by her to the defendant under the agreement, and by a failure to take care of all surface water upon the land. Writ dated February 23, 1899.

In the Superior Court the case was tried before *Sheldon,* J., without a jury. He found for the plaintiff in the sum of $1,374.86, including $356.53 for sewer assessments and $1,018.33 for breach of the agreement as to surface water. The defendant alleged exceptions.

*W. S. Slocum,* for the defendant.

*E. R. Thayer,* for the plaintiff.

MORTON, J. The plaintiff's husband was the owner of a tract of land in Newton the legal title to which stood in her name and which she continued to hold for him, he having paid the consideration. The city authorities proposed to lay out through it a boulevard, to be known as Commonwealth Avenue. The boulevard, if laid out and constructed as proposed, would greatly benefit the plaintiff's land. Thereupon the plaintiff's husband entered into an agreement with the defendant city agreeing to release it from all claim for damages, and to make a cash contribution of $2,000 towards the expense of constructing the boulevard. The city agreed to lay out and construct the boulevard according to the plans, and to assume betterment assessments on the remaining and other land of the plaintiff and her husband. This agreement was in writing and was duly executed by the plaintiff's husband and the mayor. Subsequently a change was made in the location of the boulevard which appears to have rendered it less advantageous to the land held by the plaintiff. The plaintiff by her husband agreed in writing to this change and that the previous agreement should apply to the boulevard as thus located and constructed, provided the city would place certain loam as she desired, and would make a cash contribution sufficient to pay whatever sewer assessments might be laid upon " my [her] land," meaning the land in question, and would take care of all surface water. The plaintiff contends that this was agreed to by the city and con-

stitutes a valid and binding agreement. This is denied by the city. It is agreed by all parties that the provision in regard to the assumption of betterment assessments by the city and the release of damages by the plaintiff and her husband and the contribution by him of $2,000 continued in force, and the betterment assessments have been assumed by the city, and no claim for damages for the laying out of the boulevard has been made by the plaintiff or her husband, and presumably the $2,000 has been paid, and for aught that appears the city has placed the loam as desired by the plaintiff and her husband. At any rate no question is made as to that. The boulevard has been constructed in accordance with the original plans as modified by the change subsequently made. As a result of the construction considerable quantities of surface water have been collected on the premises held by the plaintiff. The city has not taken care of it and sewer assessments have been levied on that part of the land abutting on the boulevard and other streets. This action is brought to recover damages for the breach of contract alleged to have thus taken place. The defendant contends that the contract is *ultra vires*, and that it was entered into without authority. There is also a question as to the right of the plaintiff to recover damages after a conveyance which she made of the land. The judge found for the plaintiff and the case is here on the defendant's exceptions.

1. We think that the agreement was one which it was within the power of the city to make and that it was not *ultra vires*. St. 1884, c. 226, expressly provides that the authorities of a city or town may agree with the owner of land taken for a way that the city or town shall assume any betterments assessed upon the remainder of such owner's lands, provided such owner shall " on such terms as may be agreed upon with said authorities, release to the city or town all claims for damages " on account of the laying out and construction of the way. See, now, St. 1902, c. 503. The language is very broad, " on such terms as may be agreed upon with said authorities," etc. The terms may include any reasonable arrangement in regard to the construction of the way and the effect of its construction, direct and incidental, upon the abutting property. Fraud and corruption would no doubt invalidate any arrangement into which the

parties entered, and if the arrangement resulted in an unfair and unjust distribution of the cost of the improvement that also might invalidate it. *Atkinson* v. *Newton*, 169 Mass. 240, 247, 248. But objections of that sort are not urged against the arrangement in this case. The fact that the city might be required to go upon the plaintiff's land and to obtain the right to go upon the land of other parties to take care of the surface water, and that private owners might be benefited thereby is no objection to the contract. Such things would be incidental merely to the assumption by the city or town of the betterment assessment and the release by the landowner of his claim for damages. We also think that the mayor had authority to make the contract on behalf of the city. He was expressly authorized, by vote of the city council, to execute on behalf of the city, agreements relating to the assumption of betterments, the release of land damages and the payment of sums subscribed by individuals towards the cost of the boulevard. This was prior to the execution of the original agreement. Subsequently the mayor and a majority of the city government, including the highway committee, signed a document in which was incorporated the written assent of the plaintiff's husband to the new location stating as above the terms on which he would agree to it. Still later the contract was recognized by the city by a recital in the instrument by which it assumed the betterment assessments. And lastly after, as it may fairly be inferred, the boulevard had been constructed the city council authorized, ratified and confirmed " all settlements heretofore effected by said committee [the highway committee] or his honor the mayor on account of the laying out and construction of said Commonwealth Avenue." The effect of all this is to show plainly we think that the contract was authorized and adopted by the city.

2.. The construction of the boulevard was completed in 1895, and in 1897 the plaintiff and her husband sold the land to one Smith and at his request conveyed it to one Roberts who took title for Smith. A mortgage was given back as part of the consideration. Default was made on this mortgage and at the request of the plaintiff's husband and to avoid foreclosure proceedings Smith, in 1898, caused the land, with the exception of

a few lots that had been sold, to be conveyed to one Alfred W. Bell who took and held the title solely for the benefit of the plaintiff's husband. There was evidence tending to show that the default was due to Smith's inability to sell the land and that this inability was caused by the continued presence of surface water on the land. The judge found that the action was brought by the plaintiff for her husband's benefit, and ruled that the land being the land of the husband, standing in the wife's name, all damages which he had sustained through the defendant's breach of contract could be recovered in this action whether at the time the damage was suffered the land stood in the plaintiff's name or in the name of some other person as trustee for him. The defendant excepted to this ruling. We think that the ruling was right. The contract was made with the plaintiff. Her husband was the beneficial owner, and continued to be so during the period covered by the ruling of the judge, and for which damages were assessed. The substituted trustee cannot maintain an action on the contract for it was not made with him. And we see no objection to the maintenance of an action by her for the benefit of the party really interested. See *Finn* v. *Western Railroad*, 112 Mass. 524, 534; *Lloyd's* v. *Harper*, 16 Ch. D. 290; Perry on Trusts, (4th ed.) § 330.

*Exceptions overruled.*