JOHN C. PHILLIPS & others *vs.* CITY OF BOSTON.

Suffolk.    March 31, 1911. — June 20, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax*, Assessments for betterments. *Parks and Parkways.   Columbia Road.   Equity Jurisdiction*, To enforce against city agreement to assume betterment assessment.

A deed given to the city of Boston by the owner of land which the board of park commissioners of that city in 1890 had taken for park purposes, contained the following : " This conveyance is made upon the express condition that if any betterments are assessed upon the estates belonging to the " landowner " on account of the laying out and construction of said park, said betterments shall be assumed by said city of Boston."   A parkway called the Strandway was constructed adjacent to the remaining land of the landowner and, at the time of the taking by the park commissioners and of the execution of the deed by the landowner, the park commissioners contemplated a system of parkways of which the Strandway should form a link, connecting Marine Park at South Boston with Franklin Park.   But the scheme was changed, and under authority given by St. 1897, c. 394, the street commissioners of the city of Boston laid out Columbia Road as a public highway, about five miles in length, from Franklin Park to Marine Park, and included as a part of it the Strandway, which by an order of the street commissioners under authority given them by the statute was placed under the " charge and control" of the board of park commissioners.   No change was made in the physical appearance of the Strandway so far as it was included within the layout of Columbia Road, and the only change wrought by the layout was to open one of the drives of the Strandway to general traffic instead of leaving it restricted as a parkway.   The board of street commissioners levied a betterment assessment on the remaining land of the landowner on ac-

count of the laying out and construction of Columbia Road. The landowner brought a suit in equity against the city of Boston, to compel it to assume this assessment under the condition or agreement, quoted above, in the deed accepted by the city. *Held*, that, assuming that a suit in equity was the proper remedy to enforce the terms of the deed, which was not decided, the assessment by the street commissioners for the laying out and construction of Columbia Road as a highway was not within the terms of the deed, which related only to assessments for the laying out and construction of a park by the park commissioners.

RUGG, J. This is a suit in equity * to compel the city of Boston to assume certain betterment assessments levied on account of the laying out and construction of Columbia Road, upon which the plaintiffs' land abuts. In 1890 the board of park commissioners of the city of Boston took a considerable tract of land, including some belonging to the petitioners, for park purposes. A settlement was made between the plaintiffs and the city for the damages occasioned by such taking, as a part of which a deed was executed by the plaintiffs to the defendant which contained this provision: "This conveyance is made upon the express condition that if any betterments are assessed upon the estates belonging to said minors [the plaintiffs] on account of the laying out and construction of said park, said betterments shall be assumed by said city of Boston. And for the above named consideration and the further consideration that said city of Boston shall construct along the boundary line of said park, within the said parcels of land, a roadway and walk, to which said minors [the plaintiffs] and their heirs and assigns . . . shall have free access with the right to use the same for the purposes of a way subject to such reasonable rules and regulations, as may from time to time be made by the park commissioners of said city, we hereby . . . covenant with said city of Boston, that they . . . will hold their remaining land abutting upon said park and to a distance of one hundred feet from . . . park line, subject to the following restrictions" which limited the uses to which the remaining property could be put and the nature and position of buildings to be erected thereon.

---

* The bill as amended was filed in the Superior Court on January 30, 1909. The case was reserved by *Dana*, J., upon the amended bill, the answer, the replication and an agreed statement of facts, for determination by this court.

While this settlement perhaps did not technically follow St. 1884, c. 226 (see now R. L. c. 50, § 11, as amended by St. 1902, c. 503; *Atkinson* v. *Newton*, 169 Mass. 240), it was within its general scope. Pursuant to this taking and agreement a parkway called the Strandway was constructed adjacent to the petitioners' estates. At the time of the taking by the park commissioners and the execution of the deed from the plaintiffs, it was within the contemplation of the park commissioners that a comprehensive park system should be established in the southerly portion of the city of Boston to be connected by a series of parkways, and that such a way should ultimately connect Marine Park in South Boston with Franklin Park, of which the Strandway should constitute a link. This scheme was changed, and by St. 1897, c. 394, the street commissioners of the city of Boston were authorized to lay out and construct a highway connecting these two parks. Acting under this statute the street commissioners of the city laid out Columbia Road as a public way, about five miles in length, from Franklin Park to Marine Park, a part of which was coincident with the Strandway. In accordance with the power conferred by said statute, the Strandway was designated to be under the " charge and control " of the board of park commissioners, except a part forty-two feet in width on the northerly side. No change was made in the physical appearance of the Strandway so far as included within the layout of Columbia Road, and the only change wrought by the layout was to convert one of its roads or drives into a general traffic way, whereas formerly its whole width was a parkway and could be used only under the regulations of the park commissioners. A comparatively small amount of construction work was done upon the Strandway in order to adapt it for use as a part of Columbia Road.

The general validity of the assessment levied for the construction of Columbia Road was sustained in *Morse* v. *Street Commissioners*, 197 Mass. 292. It is the contention of the plaintiffs that the levying of such an assessment is in violation of the clause above quoted in their deed to the defendant. Their bill is framed on the theory that the defendant can be compelled by a proceeding in equity to comply with the terms of this deed and assume the payment of the betterments thus assessed. We assume in

favor of the plaintiffs, but without deciding, that in a proper case this remedy would be open to them. See *Kelley* v. *Barton*, 174 Mass. 396; *Bartlett* v. *Boston*, 182 Mass. 460; *Bell* v. *Newton*, 183 Mass. 481; *Raymond* v. *Chicago Union Traction Co.* 207 U. S. 20.

The present assessment is not within the terms of the deed of the plaintiffs. The words of this deed related to a particular assessment, namely, that arising from the laying out of the park. That was a definite act executed by a certain public board. In no proper sense can it be said that this specific proceeding had any connection, even remote, with the construction of Columbia Road. The fact that the park commissioners at that time had thought about the connection of the land conveyed by the deed in which the covenant occurs with other public parks by parkways imposed no binding obligation upon them, and conferred no legal rights upon the plaintiffs. It existed only as a project, which might be modified in the light of exigencies of administration or of increased knowledge or of a more comprehensive scheme for municipal development. It might have been wholly abandoned without incurring any liability. It is not mentioned in the deed, and the plaintiffs could have maintained no bill for the specific performance of such a plan, which of necessity must depend for its execution upon financial and administrative considerations beyond the control of the park commissioners. Nearly six years after the execution of the deed* relied upon, the Legislature interposed and conferred a power, not theretofore existing, upon an independent board of public officers. By virtue of this new authority a way different in kind from that contemplated by the deed was constructed, and incorporated within its extended boundaries was the comparatively short parkway upon which the plaintiffs' premises abut. The language of the deed does not purport to project itself against a future assessment arising out of an improvement not yet begun.

This deed dealt by its express terms with an existing lien for betterments growing out of an accomplished public improvement, the amount of which alone remained to be determined, and with nothing else. The assessment, which is now complained of, was

---

* The taking by the park commissioners for the Strandway was on April 30, 1890. The deed was dated August 4, 1891. St. 1897, c. 394, was passed and took effect on May 13, 1897.

not levied by reason of the establishment of a park or a parkway, but for the benefit accruing from the layout of a thoroughfare of great length open as a public highway to all kinds of traffic, and not restricted or limited by the regulations of the park commissioners except as to portions relegated to their care. This assessment is laid, therefore, for a public improvement of a nature different from that covered by the settlement of which the deed was a part. It may be assumed that no more than a single betterment assessment can be levied upon the same estate for the same public improvement, but that is not the point here presented for decision. It is of no consequence that no substantial change was made in the physical appearance of the Strandway in front of the plaintiffs' estate, or that little work of construction was needed to fit it for use as a part of the new thoroughfare. *Leahy v. Street Commissioners, ante,* 316.

Whether the assessment levied exceeds the benefits which accrue to the plaintiffs' estates by reason of the layout of Columbia Road is a matter determinable only in appropriate proceedings for abatement.

*Bill dismissed.*

*B. E. Eames,* for the plaintiffs.

*T. M. Babson,* for the defendant, was not called upon.