UNION STREET RAILWAY COMPANY *v.* MAYOR OF NEW BEDFORD & others.

SAME *vs.* SAME.

Suffolk. December 4, 1922. — May 23, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* Betterment. *Street Railway. Way,* Public: assessment for betterments resulting from alterations. *Certiorari. Waiver.*

The provision, in G. L. c. 161, § 79, that " the necessary cost of changing " a street railway, whose tracks for a period of five years have been located in a street or highway, " to conform " to an alteration or change of grade of the highway shall be included in the whole amount of the expense to the municipality of such alteration or change of grade upon which as a basis is computed an assessment of betterments upon the company owning the street railway, is mandatory and not permissive.

If such a betterment is assessed upon an alleged total cost which does not include the necessary cost of changing the street railway, it may be set aside upon a petition by the street railway company for a writ of certiorari although the whole amount of expense as computed by the municipal authorities was more than sixty times greater than the necessary cost of such change in the street railway.

The writing to the municipal authorities by the street railway company, before the assessment of the betterment in the circumstances above described, of a letter, which set forth as the amount of such necessary expense incurred by the company a sum more than three times that which in fact was attributable to the alteration or change of grade of the highway, did not constitute as a matter of law a waiver by the company of its substantial rights in the premises nor excuse the municipal authorities from attempting to make a correct computation of the total expense which should be the basis for a correct assessment of the betterments.

An assessment of a betterment under G. L. c. 161, § 79, must stand or fall on its own merits and cannot be corrected by a judicial review; and, upon a petition by the street railway company for a writ of certiorari quashing such an assessment, the writ should issue if it appears that the assessment was computed upon a total cost which did not include " the necessary cost of changing " the street railway " to conform to such alteration or change of grade."

Two PETITIONS for writs of certiorari to have declared invalid assessments on the petitioner of a part of the expense of the alleged alteration, respectively, of Purchase Street between Union Street and Elm Street, and of Union Street between Sixth Street and Fourth Street, in New Bedford.

There was an agreed statement of facts. It appeared that, according to the books of the board of aldermen, the whole amount of the expense of the widening on Purchase Street was $394,501.53, of which $98,625.38 was assessed upon the petitioner; and that the whole amount of the expense of widening Union Street was $129,704.25, of which $32,000 was assessed upon the petitioner. The board did not include the necessary cost of changing the petitioner's street railway in either computation of expense.

While Purchase Street and Union Street were being widened, the petitioner petitioned the mayor and board of aldermen of the city of New Bedford for authority to locate, construct, and operate certain extensions and alterations of locations of track in the city, among them being an alteration of existing track and extension of a second parallel track in Purchase Street between Elm Street and School Street and in Union Street between Purchase Street and Sixth Street, together with all necessary curves, connections, special work, switches, poles, wires, and other proper appliances, and the petition was granted.

The extensions and alteration thus prayed for were in part made necessary on account of the desirability of changing its old tracks to conform to the widenings, and, in the case of Union Street, to the change of grade, and were partly caused by the desirability, in view of the widening of the streets, of "double tracking" the lines of the petitioner in said streets. The entire expense incurred by the petitioner in changing its railway was $27,052.65 with respect to Purchase Street and $7,496.41 with respect to Union Street, and on June 19, 1915, the Union Street Railway Company wrote the board of mayor and aldermen of the city of New Bedford stating the amount of such expense. These letters were received and placed on file by the board of aldermen and common council in concurrence. Neither the

board of aldermen nor the common council of New Bedford, nor both together, either jointly or separately, ever adjudged that the petitioner incurred no expense in changing its railway to conform to said widenings or, with respect to Union Street, to said change of grade. The expense actually incurred in changing the old tracks on Purchase Street to conform to the widenings was $9,663.55 and in changing the old tracks on Union Street to conform to the widenings and change of grade was $2,003.74.

Other material facts are described in the opinion.

By order of *DeCourcy*, J., the causes were ordered consolidated and were reserved for determination by the full court.

St. 1906, c. 463, Part III, § 68 is as follows: " If a street or highway in which the tracks of a street railway company have been located for a period of five years is altered, or if the grade thereof is changed under the provisions of chapters forty-eight or fifty of the Revised Laws, the company shall pay such proportionate share of the expense thereof, including therein the necessary cost of changing its railway to conform to such alteration or change of grade, as may be assessed upon it, provided that, if betterments are assessed, no such assessment on the company shall exceed the aggregate amount of all the betterments assessed upon real estate, and that in no case shall such assessment exceed one quarter of the total cost of such alteration or change of grade."

*B. W. Warren,* (*H. Stockton, Jr.,* with him,) for the plaintiff.

*B. B. Barney,* for the defendants.

RUGG, C.J. These are petitions for writs of certiorari seeking to set aside an assessment on the petitioner of a part of the expense of the alleged alteration of two streets in the city of New Bedford in which its tracks had been located for five years or more. The assessments purport to have been laid under St. 1906, c. 463, Part III, § 68. (G. L. c. 161, § 79). It is required by this section that, in the total expense on which the proportionate share of the street railway shall be calculated, " the necessary cost of changing its railway to conform to such alteration " must be included.

This statute is mandatory and not permissive. It confers substantial rights upon the street railway, upon which it has a right to insist. It is conceded and appears on the face of the records of the city that no part of that " necessary cost " was included in the present assessment. It is agreed that the amount actually so expended was on one street about $9,600 and on the other about $2,000. These amounts are not insignificant and cannot be overlooked. The record contains no adjudication concerning the subject. The circumstance that before the orders were passed a letter was sent by the petitioner to the board of mayor and aldermen, stating the entire expense incurred by it in connection with the work, cannot be taken as matter of law to be a waiver of its substantial rights or to excuse the respondents from attempting to make a correct computation of the total expense. For this reason the assessment so far as concerns this petitioner was contrary to the plain terms of the statute. An assessment of this nature, like a tax, must stand or fall on its own merits. It cannot be corrected by a judicial review. It becomes unnecessary to consider the other grounds urged by the petitioner. In each case peremptory writ may issue declaring invalid the assessment against the petitioner.

*So ordered.*