THOMAS E. KING *vs.* BOARD OF ALDERMEN OF THE CITY OF SPRINGFIELD.

Hampden.    December 6, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Tax,* Betterment, Validity.    *Way,* Public: layout and construction.

Time is made of the essence determinative of the validity of an assessment of a betterment tax under G. L. c. 80, § 1: the tax must be laid within six months " after the completion of the improvement."

An order passed by the city council of Springfield and approved by the mayor laid out and established as a public way an extension of Broadway from Vernon Street across Pynchon Street to Court Street. The grade was established by the order only in the section lying between Pynchon Street and Court Street. Land was provided by the city, and at great expense it had removed a large building from the portion of the extension of the street lying between Pynchon Street and Vernon Street and there constructed a temporary roadbed and temporary sidewalks. The permanent work between Pynchon Street and Vernon Street was done and paid for by the county of Hampden under St. 1915, c. 252, and a report of commissioners approved by the Supreme Judicial Court. The construction work by the city was completed on or before November 4, 1921. That by the county was completed on or about July 1, 1922. A betterment tax was assessed and levied on December 11, 1922. On a petition for a writ of certiorari to have the tax declared void because laid more than six months " after the completion of the improvement," it was *held,* that

(1) The order was a single entity;

(2) The work of construction by the county of Hampden was done in coöperation with the city in the completion of the entire public improvement which was the subject of an order containing nothing requiring that the entire work be done by the city;

(3) The " completion of the improvement "·did not occur until the work by the county of Hampden had been finished;

(4) The assessment was laid within the time specified by G. L. c. 80, § 1, and was valid.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on April 12, 1923, for a writ of certiorari directing the board of aldermen of the city of Springfield to certify their records of proceedings relative to a betterment which the respondents purported to assess upon the land described in the petition under G. L. c. 80, to the end that such proceedings might be quashed on the ground that the " statutory period had elapsed before the said order of December eleventh, assessing the said betterments, was passed, viz., more than six months intervened between the completion of the work which was finished by the city on or about the fourth day of November, 1921, and the eleventh day of December, 1922, when the assessment was levied."

Lyman W. Besse was permitted to intervene as a petitioner. The respondents filed an answer, signed by them personally, to which they annexed a certified copy of the record of their proceedings.

The petition was heard by *Carroll,* J., upon the pleadings and an agreed statement of facts. Material facts are described in the opinion. The single justice ordered that the petition be granted, and, at the request of the respondents and with the consent of all parties, reported the case for determination by the full court.

The case was submitted on briefs.

*J. Dearborn,* city solicitor, *& A. C. Fairbanks,* assistant city solicitor, for the respondent.

*R. T. King,* for the petitioner.

*J. H. Jones, T. W. Ellis & J. H. Mitchell,* for Lyman W. Besse, intervening petitioner.

RUGG, C.J. This is a petition for a writ of certiorari to quash an assessment of betterments made by the respondents on account of the laying out and construction of a public way. The relevant facts are that on March 28, 1921, the city council of the city of Springfield duly passed an order,

which was approved by the mayor, laying out and establishing as a public way an extension of Broadway, itself a public street, from Vernon Street across Pynchon Street to Court Street under the law authorizing an assessment of betterments. The order established the location of this extension in its entirety, but established its grade only in the section lying between Pynchon Street and Court Street. All of the land required for this extension was provided by the city at its own expense and was of great value. The city also had at great expense removed a large building from the portion of the extension lying between Pynchon Street and Vernon Street and constructed a temporary roadbed and temporary sidewalks. The city also constructed the street on the section of the extension lying between Pynchon and Court Streets. All the work done by the city on this improvement was completed by or before November 4, 1921, and no work was done by it thereafter. The permanent work on the remainder of this extension, being the section lying between Pynchon and Vernon streets, was done and paid for by the county of Hampden pursuant to the provisions of St. 1915, c. 252, respecting a bridge over the Connecticut River and its approaches and the report of commissioners thereunder approved by the Supreme Judicial Court, and was completed on or about July 1, 1922. The betterment assessment to which the present petition is directed was levied on December 11, 1922, being more than six months after the city of Springfield ceased work on the extension and less than six months after the completion of work done thereon by the county.

It is provided by G. L. c. 80, § 1, that " Whenever a limited and determinable area receives benefit or advantage, other than the general advantage to the community, from a public improvement made by or in accordance with the formal . . . order of a board of officers of . . . a . . . city . . . and such order states that betterments are to be assessed for the improvement, such board shall within six months after the completion of the improvement determine the value of such benefit or advantage . . . and assess . . . a proportionate share of the cost of such improvement . . . ."

The single question argued is whether this assessment was levied within the time permitted by this statute.

The statute makes time of the essence of the validity of such an assessment. It must be laid within six months " after the completion of the improvement." If laid after the expiration of the time limited, the assessment is invalid.

The order here assailed was a single entity. The street extension laid out as a public way by the city council order of March 28, 1921, was a unit. It was not divided into parts. The " public improvement " accomplished by the order was the one arising from the laying out of a public way from the end of the then existing Broadway at Vernon Street to and across Pynchon Street to Court Street. There was nothing in the order which required the entire work to be done by the city of Springfield. The order laying out the street went no further than to establish the one and single public improvement. The work of constructing that public improvement was left to fall where required or permitted by law. The county of Hampden was by law authorized to do the work of construction of that part of the public improvement lying between Pynchon and Vernon streets. When the county of Hampden did that work of construction, it was aiding in the completion of the public improvement accomplished by the layout of the new street between Vernon and Court streets. The completion of the public improvement was wrought by the work done both by the city of Springfield and the county of Hampden. The public improvement accomplished by the order of March 28, 1921, was not completed by the city of Springfield. The city constructed only a part and not the completion of that public improvement. The public improvement was completed through the agency of two public corporations, each authorized by law to do the work actually done by it. The statute does not provide that the assessment must be laid within six months after any one of several public corporations has completed its share of the public improvement. That is not the test. The rule established by the statute is " the completion of the public improvement." Measured by that rule, it is apparent that the assessment here assailed was

laid within six months after the completion of the public improvement by the final work necessary to such completion, which was performed by the county of Hampden.

There is no complaint that the assessment laid was in excess of the actual expenditure made by the city of Springfield or of the actual benefit received by the several estates. Questions of that nature are not raised. This record also does not involve the inquiry whether a betterment may be assessed for a partial completion of the public improvement when the balance has been permitted to lapse by inaction.

*Petition dismissed.*