UNION STREET RAILWAY COMPANY *vs.* MAYOR OF NEW BEDFORD & others.

SAME *vs.* SAME.

Suffolk.   January 27, 1925. — September 18, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Tax*, Betterment: reassessment. *Statute*, Construction.

An order for an assessment of betterments under R. L. c. 50, § 1, adopted by the board of aldermen of the city of New Bedford, even if it be assumed that under R. L. c. 50, §§ 1, 9; c. 8, § 5, cl. 10; St. 1902, c. 460, the board of aldermen might validly adopt such an order without the concurrence of the common council, is of no force nor effect until presented to the mayor and approved by him.

An order for the assessment of betterments under R. L. c. 50, § 1, for the widening of a highway, if it was adopted by the board of aldermen of the city of New Bedford two days before the expiration of the two years limited by R. L. c. 50, § 2, was then presented to the common council, where it was amended, and was not finally adopted by the board of aldermen in concurrence until over a month beyond the two year limit, when it was presented to and was approved by the mayor, is of no force and effect.

A reassessment under R. L. c. 50, § 2, is authorized only when there has been an assessment under R. L. c. 50, § 1, within the two years there limited.

Tax laws are to be construed strictly against the taxing power, and the right to tax is not to be extended by implication.

Reassessments in December, 1923, of betterments resulting from a widening of a highway under an order of the board of aldermen and common council of the city of New Bedford adopted in June, 1913, are not governed by the law in force in 1923, it not appearing that the terms of G. L. c. 80, § 16, are retroactive; and under R. L. c. 50, § 2, the reassessment as well as the original assessment under § 1 must be within the limited period of two years after the passage of the order for the public improvement therein described.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 6, 1924, for a writ of certiorari bringing to the court orders and proceedings and all records of actions taken by the mayor, board of aldermen and common council of the city of New Bedford with relation to an assessment upon the petitioner in connection with the widening of Purchase Street between Union Street and Elm Street in the city of New Bedford under orders adopted in January and June, 1913.   Also, a

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 6, 1924, for a writ of certiorari bringing to the court orders and proceedings and all records of action taken by the mayor, board of aldermen and common council of the city of New Bedford with relation to an assessment upon the petitioner in connection with the widening of Union Street between Fourth Street and Sixth Street, "to the end that the same may be dealt with as law and justice may require."

The facts were agreed upon.   Material facts are described in the opinion.   The two cases were reserved by *Carroll,* J., upon the petitions and the agreed statement of facts for determination by the full court.

*B. W. Warren,* (*H. Stockton, Jr.,* with him,) for the petitioner.

*D. J. Lyne,* (*J. T. Kenney* with him,) for the respondents.

RUGG, C.J.   These are petitions for writs of certiorari to set aside certain reassessments laid upon the petitioner in connection with the widening of a part of Purchase Street and of a part of Union Street in the city of New Bedford.   The cases come before us by reservation on the petitions and an agreed statement of facts.

It is assumed for the purposes of this decision, without so deciding, that the orders for the widenings were validly passed and became operative on June 26, 1913, in accordance with statutes permitting assessments of betterments.    It was provided by R. L. c. 50, § 1, then in force, that a betterment assessment might be laid "within two years after the passage" of such an order.    On June 24, 1915, the board of aldermen of New Bedford passed orders purporting to lay an assessment of betterments arising from the widenings authorized by the orders of June 26, 1913.    These orders were never adopted in concurrence by the common council, nor were they ever presented to the mayor for approval or approved by him.    They were invalid and did not become operative.    If it be assumed that under R. L. c. 50, §§ 1, 9; c. 8, § 5, cl. 10, and St. 1902, c. 460, the board of aldermen alone might validly adopt an order for the assessment of betterments, such an order could have no force or effect until presented to the mayor for approval.    R. L. c. 26, §§ 9, 10. The statutes are reviewed and that conclusion reached in *Jewett* v. *Mayor of Medford,* 233 Mass. 65, as matter of general law as well as interpretation of the charter of Medford. The logic of that opinion is decisive on this point.

On the same June 24, 1915, the board of aldermen adopted two orders for the assessment of betterments arising from the same widenings authorized by the orders of June 26, 1913. These orders were presented to the common council, were there amended, and not finally adopted by the board of aldermen in concurrence until July 29, 1915, on which date they were presented to and approved by the mayor.    Manifestly this was not within the required two years.

Both groups of orders were therefore ineffective.    Neither group constituted determination in accordance with law of the value of the benefit or advantage arising from the widening and an assessment of the same within the two years fixed by R. L. c. 50, § 1.

Since there was no assessment under R. L. c. 50, § 1, within the two years there expressly limited, there is no room for the operation of § 2.    Under the latter section a reassessment is authorized only when there has been "such assessment," that is, an assessment within the two years there limited.

The reassessments here assailed are invalid on another ground. They were laid by orders adopted by the board of aldermen on December 12, 1923, and by the common council on the next day, and on the day following that were approved by the mayor. These orders were adopted following the decision of the case between the parties hereto reported in 245 Mass. 103. The law respecting the assessment and reassessment of betterments for the widening of streets has been changed in vital particulars since 1913. Compare R. L. c. 50, §§ 1, 2, as continued in St. 1917, c. 344, Part III, §§ 1, 2, and G. L. c. 80, §§ 1, 16.

Assessments of the nature here involved are in "legal character, a tax." *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, 482. The familiar principle respecting tax laws is that they are to be strictly construed against the taxing power. The right to tax is not extended by implication. Doubts are resolved in favor of the taxpayer. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530, and cases there cited. *United States* v. *Merriam*, 263 U. S. 179, 188.

The present reassessments are not governed by the law in force in 1923. There is nothing in the terms of G. L. c. 80, § 16, to indicate that it applies to reassessments on account of the widenings of streets made long prior to its enactment. Commonly statutes are prospective and not retroactive in operation. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, and cases there reviewed. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway*, 266 U. S. 435, 437. As applied to the present cases, there is nothing in St. 1917, c. 344, Part VIII, § 2, St. 1918, c. 257, § 219a, or G. L. c. 281, §§ 4, 9, to indicate that G. L. c. 80, § 16, was intended to apply to reassessments like those in the cases at bar.

The interpretation of R. L. c. 50, §§ 1 and 2, is that the reassessment as well as the original assessment must be within the limited period of two years after passage of the order for the public improvement. It would be an unusual provision respecting a tax to limit its assessment to a definite period and without express words permit the reassessment to be made at any time in the future. Extension of time for re-

assessment is commonly indicated. See G. L. c. 59, § 77. The two year limit for the assessment of betterments was said in *Hitchcock* v. *Board of Aldermen of Springfield*, 121 Mass. 382, at page 385, to disclose "the intent of the Legislature that lands should not be subjected for an unreasonable length of time to the incumbrance imposed by such an order." In the absence of express words indicative of a different purpose, we think that the reassessment must fall under the same rule. There is nothing to the contrary in *Masonic Building Association* v. *Brownell*, 164 Mass. 306, 311, where the reference to reassessment was not even a dictum, but merely the suggestion of the possibility of some question of that kind. The decision in *Fairbanks* v. *Mayor & Aldermen of Fitchburg*, 132 Mass. 42, 49, rested upon a statute different from that here involved.

The result is that for the reasons stated the reassessments here assailed are invalid as to the petitioner. It becomes unnecessary to discuss the other grounds urged in its behalf. In each case writ of certiorari is to issue declaring invalid the assessment against the petitioner.

*So ordered.*