RICHARD D. ZAMBERNARDI & another *vs.* BOARD OF SELECTMEN OF WILMINGTON & others. September 24, 1974. By their bill for declaratory relief in the Superior Court, the plaintiffs alleged in substance that a certain public improvement for which betterments were to have been assessed upon their land by the defendant board of selectmen (board) had been completed on or about May 11, 1970, but that no such assessment had been made until December 31, 1971, and prayed, inter alia, for a declaration that the assessment was invalid by reason of its not having been made "within six months after the completion of the improvement" in accordance with G. L. c. 80, § 1. The plaintiffs appeal from a final decree dismissing the bill, entered on the basis of interlocutory decrees sustaining the defendants' plea in abatement and demurrer, which, though not appealed from, are open to revision. G. L. c. 214, § 27 (as in effect prior to St. 1973, c. 1114, § 62). *Manufacturing Improvement Corp.* v. *Georgia Pac. Corp.* 362 Mass. 398, 400 (1972). The sole ground stated in the plea and demurrer was that the plaintiffs "at no time filed with the Board . . . a petition for abatement of the betterment assessed . . . [under G. L. c. 80, § 5] which petition for abatement is a condition precedent to the commencement of a suit before this Honorable Court." Neither can be sustained on that ground. If, as alleged in the bill, the assessment was not made within the statutory six-month period, it was invalid (*King* v. *Aldermen of Springfield,* 247 Mass. 548, 551 [1924]), and the validity of such an assessment, as distinguished from the amount thereof, is properly challenged in the Superior Court by a proceeding separate and distinct from any petition for abatement filed with the board under G. L. c. 80, § 5, or any appeal from the board's disposition thereof to the Superior Court under G. L. c. 80, § 7. *Hitchcock* v. *Aldermen of Springfield,* 121 Mass. 382, 386 (1876). *Chilson* v. *Mayor of Attleboro,* 247 Mass. 191, 202-203 (1924). Compare *Bowditch* v. *Superintendent of Sts. of Boston,* 168 Mass. 239, 240-241 (1897). Contrast *Stark* v. *Boston,* 180 Mass. 293, 295 (1902); *Phillips* v. *Boston,* 209 Mass. 329, 333 (1911). The demurrer should also have been overruled for the reason stated in *Loranger Constr. Co.* v. *C. Franklin Corp.* 355 Mass. 727,

729 (1969).    The interlocutory decrees and the final decree are reversed.

*So ordered.*

*Donald N. Sleeper, Jr.* (*John A. Nelson* with him) for the plaintiffs.

*Alan Altman* for the defendants.