FLOYD A. GUDANOWSKI & another[1] *vs.* TOWN OF NORTHBRIDGE & others[2] (and a companion case[3]). Nos. 88-P-1116 & 88-P-1117. July 19, 1989. *Taxation*, Sewer assessment. *Sewer. Lien. County*, Commissioners.

These cases, here on appeal from the entry of judgments on an agreed statement of facts, are before us for a second time. See *Gudanowski* v. *Northbridge*, 17 Mass. App. Ct. 414 (1984). Two sets of landowners in Northbridge seek to set aside sewer assessments imposed by the town. The Gudanowskis and Graveses have owned their property since 1964 and 1952, respectively. Beginning in 1968, the town undertook plans for the installation of sewers on Thurston Avenue, Highland Street and Delray Gardens. The abutting landowners connected their premises into the newly completed system in 1972. On August 23, 1978, the board of sewer commissioners filed a statement of their action with the registry of deeds. G. L. c. 83, § 27, as amended by St. 1943, c. 252, § 5.[4] Not until January 1980, did the

---

[1] Mary J. Gudanowski.

[2] The commissioners of Worcester County.

[3] Ronald R. Graves & another *vs.* Town of Northbridge & others.

[4] Section 27 provides:

"Whenever the aldermen of a city or the sewer commissioners, selectmen or road commissioners of a town lay out or determine to construct a sewer

property owners receive bills for the sewer assessment. The board of assessors and the Worcester County commissioners have denied the landowners' applications for abatements. The landowners, in this action for relief in the nature of certiorari, assert that the failure of the board of sewer commissioners to record with the registry of deeds a statement of their determination to construct a sewer "forthwith," as provided in § 27, invalidates the assessments.

That the sewer commissioners failed to file the requisite statement is of no consequence to landowners who have claimed the full benefit of the new sewers. The landowners misapprehend the nature of § 27. "The purpose of the foregoing section . . . was to make the incidence of the lien for sewer and sidewalk assessments a matter of record in the registry of deeds . . . . Under the laws as they previously stood, the lien for a sewer assessment arose when the order for construction of the sewer was adopted, and there was no provision for recording such an order in the registry of deeds." Nichols, Taxation in Massachusetts 828 (3d ed. 1938) (footnote omitted).[5] The statute addresses "not the validity of the assessment itself but rather the continued validity of the lien upon the land." *Meenes* v. *Goldberg*, 331 Mass. 688, 690-691 (1954) (interpreting G. L. c. 60, § 23). As to third persons without actual knowledge of the installation of the sewer improvement, such as subsequent mortgagees and purchasers, the assessment is only valid if the board complies with § 27. See *Exeter Realty Corp.* v. *Bedford*, 356 Mass. 399, 404 (1969).

Exactly when an assessment shall be made for the construction of a sewer generally rests in the discretion of the responsible municipal board. *Fairbanks* v. *Mayor of Fitchburg*, 132 Mass. 42, 48 (1882). Only in exceptional cases does the law limit an assessment to a definite period. *Union St. Ry. Co.* v. *Mayor of New Bedford*, 253 Mass. 314, 317 (1925). Compare

or drain in a public way, or in a way opened or dedicated to the public use which has not become a public way, or adopt an order for the establishment or reconstruction of a sidewalk for such a way, and assessments may be made or charges imposed under this chapter for the construction of such improvement or the use thereof, they shall forthwith cause to be recorded in the registry of deeds of the county or district in which such city or town is situated a statement of their action, which shall specify the ways in which such sewer, drain or sidewalk is located. All assessments made or charges imposed under this chapter upon land which abuts upon any such way in which such sewer, drain or sidewalk is located shall constitute a lien upon such land from the time such statement is recorded and all charges authorized by section sixteen shall from the time of assessment constitute a lien upon the land connected with the common sewer. Liens under this section shall continue for the same period and under the same conditions as a lien established under chapter eighty."

[5] Prior to the inclusion of "forthwith" in the law, a seventeen year delay in an assessment would not bar the operation of a sewer lien, even against a subsequent purchaser. *Hester* v. *Collector of Taxes of Brockton*, 217 Mass. 422, 423 (1914). One act even provided that an assessment could create a lien against subsequent purchasers without recordation by operation of law. *Cohen* v. *Price*, 273 Mass. 303, 307 (1930).

G. L. c. 80, §§ 1, 2.[6] "It is the duty of the proper officials to levy the assessment within a reasonable time after the completion of the sewer, but there is no requirement in the statute that the assessment be made within a certain time limit and the court will impose none." Nichols, Taxation in Massachusetts 814 (3d ed. 1938) (footnotes omitted). *O'Malley* v. *Public Improvement Commn. of Boston*, 342 Mass. 624, 627 & n.4 (1961). Even if it were assumed, for the sake of discussion, that § 27 makes a "forthwith" recordation of a lien a condition precedent to an obligation to pay a sewer assessment, the landowners have not demonstrated how the procedural irregularity could have prejudiced or misled them. *Masonic Bldg. Assn.* v. *Brownell*, 164 Mass. 306, 311, 313 (1895). *Cheney* v. *Beverly*, 188 Mass. 81, 83 (1905). Cf. *McManus* v. *Boston*, 320 Mass. 585, 587 (1947). A statutory system which is "design[ed] . . . to furnish a ready means by which a person interested in a parcel of land could obtain definite and indisputable information of all municipal liens for assessments chargeable" (*Meenes* v. *Goldberg*, 331 Mass. at 692) is not for the benefit of property owners who have enjoyed from the beginning the full benefit of the services subject to assessment.

*Judgments affirmed.*

*James F. Bergin* for the plaintiffs.
*George M. Matthews* for the defendant.

---

[6] We have previously held that the time periods required by Chapter 80 for betterment assessments do not apply to the sewer assessments in this case. *Gudanowski* v. *Northbridge*, 17 Mass. App. Ct. at 420.

