BOSTON RETIREMENT BOARD *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Suffolk.    November 3, 1959. — December 15, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Retirement. Words,* "While in the performance of . . . duties."

A municipal employee injured through falling into a hole on the premises where she was employed while she was returning from lunch was not injured "while in the performance of" her duties within G. L. c. 32, § 7, and was not entitled to accidental disability retirement thereunder.

PETITION for review filed in the Superior Court on November 21, 1957.

The petitioner appealed from a decree by *R. Sullivan,* J.

*William H. Kerr,* for the petitioner.

*Roy F. Teixeira,* Assistant Attorney General, for the respondent.

No argument nor brief for the intervener.

SPALDING, J.   The applicant, Lillian J. Mullins, a member of the State-Boston retirement system,[1] was employed as a matron at the city of Boston's stadium at East Boston. On August 26, 1955, she fell in a hole on the premises of the stadium while returning from lunch and sustained the injuries from which has arisen this application for retirement for accidental disability. A medical panel of three phy-

---

[1] St. 1947, c. 520, § 1.

sicians certified unanimously that her disability was likely to be permanent and that it was the "proximate result of the accident or hazard undergone on account of which the retirement is claimed." The Boston retirement board denied the application on the ground that the injuries were not "the result of an accident sustained or hazard undergone during the performance of duty." The applicant appealed to the contributory retirement appeal board, which reversed the decision of the Boston board. G. L. c. 32, § 16 (4). Upon a review under § 14 of G. L. c. 30A, the State administrative procedure act, the Superior Court affirmed the decision of the appeal board. The applicant was allowed to intervene (§ 14 [2]). The case comes to this court on the appeal of the Boston board (§ 15).

The only question presented for decision is whether the applicant was incapacitated "by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of," her duties. G. L. c. 32, § 7. The case of *Boston Retirement Board* v. *Contributory Retirement Appeal Board, ante,* 109, is on all fours with the present case and is controlling. For the reasons set forth in that case the decree is reversed and a new decree is to be entered reversing the decision of the appeal board.

*So ordered.*