Boston Retirement Board *v.* Contributory Retirement Appeal Board.

*Retirement. Words,* "While in the performance of . . . duties."

A municipal employee injured through tripping in descending a flight of
stairs at her place of employment while she was on her way home to
lunch was not injured "while in the performance of" her duties within
G. L. c. 32, § 7, and was not entitled to accidental disability retirement
thereunder.

PETITION for review filed in the Superior Court on November 21, 1957.

The petitioner appealed from a decree by *R. Sullivan,* J.

SPALDING, J. Catherine M. Palmeri (a member of the
State-Boston retirement system[1] and hereinafter called the
applicant) was employed as an operating room nurse at the
city of Boston's sanatorium at Mattapan. On December 14,
1954, while descending a flight of stairs in the sanatorium,
she tripped and was injured. The accident occurred while
she was on her way home to lunch. Claiming to have been
incapacitated for further duty as a result of the accident,
she applied to the Boston retirement board for retirement
for accidental disability under the provisions of G. L. c. 32,
§ 7, as amended. A medical panel of three physicians cer-
tified unanimously that the applicant was totally and per-
manently incapacitated for further duty and that such
incapacity was the natural and proximate result of the ac-

---

[1] St. 1947, c. 520, § 1.

cident or hazard on account of which retirement was claimed. The Boston board denied the application on the sole ground that the applicant's injury was not the result of an accident sustained while in the performance of duty. From this decision the applicant appealed to the contributory retirement appeal board. G. L. c. 32, § 16 (4).

The appeal board ruled in effect that the applicant was disabled by reason of a personal injury sustained as a result of, and in the performance of, her duties, and reversed the decision of the Boston board. The Boston board claimed a review in the Superior Court under § 14 of G. L. c. 30A, the State administrative procedure act. The applicant was allowed to intervene (§ 14 [2]). The Superior Court affirmed the decision of the appeal board and the Boston board appealed (§ 15).

The facts relating to the applicant's injury are not in dispute. Nor is it disputed that as a result of this injury the applicant is permanently and totally incapacitated for further duty. The sole question presented by this appeal is whether on the facts recited above the applicant was incapacitated "by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, . . . [her] duties."[1]

It is to be noted that § 7 requires that the personal injury or hazard causing the incapacity must be sustained or undergone "as a result of, and while in the performance of, his duties." If this language is to be equated with § 26 of the workmen's compensation act (G. L. c. 152) which allows compensation to one receiving "a personal injury arising out of and in the course of his employment," there can be no doubt that the decree appealed from must stand. *Souza's Case,* 316 Mass. 332. *Bradford's Case,* 319 Mass. 621. *Kubera's Case,* 320 Mass. 419. It is apparent that this was

---

[1] General Laws c. 32, § 7, provides, in part, "Any member . . . who becomes totally and permanently incapacitated for further duty . . . by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite place and at some definite time on or after the date of his becoming a member . . . shall be retired for accidental disability . . .."

the view taken both by the appeal board and by the judge. But the language of § 7 is much more restrictive than that contained in § 26. Perhaps it could be said that the applicant's injuries were sustained "as a result" of her duties. Her duties required her presence in the sanatorium and it was while leaving that building on her way to lunch that she fell. But § 7 does not stop there; it requires not only that the injuries must result from one's duties but that they must also be sustained "while in the performance" of these duties. The requirements are conjunctive. The construction which the applicant would have us place on § 7 would give little or no importance to the second requirement. To say that a person who falls while descending a flight of stairs on her way to lunch sustains an injury "while in the performance" of her duties would stretch the meaning of the statute beyond permissible limits. It is certainly not the ordinary meaning that those words would import. See G. L. c. 4, § 6, Third. See also *Charon's Case*, 321 Mass. 694, which involved an award of compensation to an employee who was injured while eating his lunch on his employer's premises. At page 698 the court said, "The fact that the employee was not actually engaged in the performance of her duties at the time of her injury does not deprive her of the benefits of the act if she was doing something that was incidental to her work." While recovery under the act was permitted, the quoted language recognizes the distinction between actual performance of work and something incidental to such work.

The appellee relies on *Hayes* v. *Lumbermens Mut. Cas. Co.* 310 Mass. 81. This was an action on an accident policy which excluded from its coverage death caused while the insured was performing "any duty as a member . . . of a paid . . . police department." The insured was a member of the State police assigned to special duty to promote public interest in highway safety. On the night of the accident he had attended a conference relating to highway safety and while returning in a "police cruiser" to the home of a relative where he had left his uniform and whence he was to proceed to perform his duties the next morning he was killed

in an accident. It was held that there could be no recovery under the policy because the insured was killed while in the performance of his duties. We are of opinion that that case is not controlling, for it cannot be said that the insured's duties had come to an end when the accident occurred.

It follows that the decree must be reversed and a new decree is to be entered reversing the decision of the appeal board.

*So ordered.*

BOSTON RETIREMENT BOARD *vs.* CONTRIBUTORY
RETIREMENT APPEAL BOARD.

Suffolk.    November 3, 1959. — December 15, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Retirement. Words,* "While in the performance of . . . duties."

A municipal employee injured through falling into a hole on the premises where she was employed while she was returning from lunch was not injured "while in the performance of" her duties within G. L. c. 32, § 7, and was not entitled to accidental disability retirement thereunder.

PETITION for review filed in the Superior Court on November 21, 1957.

The petitioner appealed from a decree by *R. Sullivan, J.*

*William H. Kerr,* for the petitioner.

*Roy F. Teixeira,* Assistant Attorney General, for the respondent.

No argument nor brief for the intervener.