Town of Natick *vs.* Massachusetts Department of Public Welfare.

Middlesex.    November 10, 1960. — January 6, 1961.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Old Age Assistance. Public Welfare. Municipal Corporations,* Public welfare, Officers and agents.    *State Administrative Procedure Act. Equity Pleading and Practice,* Parties.

A town was a proper petitioner to bring a proceeding under G. L. c. 30A, § 14, for review of a decision by the department of public welfare respecting the amount of old age assistance to be furnished by the town to a recipient.    [619]

The Superior Court had jurisdiction under G. L. c. 30A, § 14, to entertain a petition by a town for review of a decision made by the department of public welfare upon an appeal to it under c. 118A, § 3, by a recipient of old age assistance.    [620–621]

A decision by the department of public welfare on an appeal under G. L. c. 118A, § 3, that a widowed recipient of old age assistance living with her single daughter in an apartment hired by the daughter was entitled to an allowance on the basis of a "Household Expense Plan— Full Cost of Common Expenses" rather than on a room and board basis was justified by the department's "Standards of Assistance"; and no error appeared in the amount taken into account by the department as a resource by reason of the daughter's payments of rent.    [621–622, 623]

An appellant to the department of public welfare under § 3 of the old age assistance law, G. L. c. 118A, has a right to a redetermination by the department of the issue involved.    [623]

PETITION, filed in the Superior Court on October 21, 1958. The case was heard by *Hudson, J.*

*John W. Mahaney,* (*Joseph D. Neylon* with him,) for the petitioner.

*Francis R. Dobrowski,* Assistant Attorney General, for the respondent.

WHITTEMORE, J. This petition by the town of Natick, under G. L. c. 30A, § 14, is for review of a decision of the department of public welfare. The decision, on an appeal by an aggrieved recipient of old age assistance, under G. L. c. 118A, § 3, had ordered an increase in the monthly allowance which on June 1, 1958, had been reduced by the Natick board of public welfare, bureau of old age assistance. The decree in the Superior Court affirmed the decision of the department.

1. The petition was properly brought by the town "acting through the board of public welfare." No question is presented as to the board's authority so to act. See *Taunton* v. *Taylor,* 116 Mass. 254, 262; *Worcester Bd. of Health* v. *Tupper,* 210 Mass. 378, 383; *Board of Health of Wareham* v. *Marine By-Products Co.* 329 Mass. 174, 175; *Board of Health of Woburn* v. *Sousa,* 338 Mass. 547, 548; *Kent* v. *Water Commrs. of the Barnstable Fire Dist.* 339 Mass. 160. Petitions for review under c. 30A have been brought directly by local retirement boards. *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 340 Mass. 109. *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 340 Mass. 112. Before c. 30A was enacted or became applicable, some petitions for writ of certiorari were brought by local agencies. *Bureau of Old Age Assistance of Natick* v. *Commissioner of Pub. Welfare,* 326 Mass. 121. *Quincy Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 340 Mass. 56. A right to bring a petition for review under c. 30A is, however, given to the municipality. Section 14 provides that review may be had by "any person . . . aggrieved"; § 1 (4) defines "person" to include "all political subdivisions of the commonwealth." We do not reach the issue of the right of the board to bring a petition for review as a person aggrieved.

2. The Superior Court had jurisdiction of the petition. General Laws c. 30A, § 14, provides that ''[w]here no statutory form of judicial review or appeal is provided, or where the only statutory form of review is by extraordinary writ, judicial review shall be obtained by means of a petition for review . . . .'' Except for c. 30A, certiorari as the only form of judicial review would be available to the parties at interest. It is well established that certiorari lies notwithstanding provisions barring appeal by *any* party. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 543–545. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199. *Whitney* v. *Judge of the Dist. Court of No. Berkshire,* 271 Mass. 448, 458–459. See *Commissioner of Corps. & Taxn.* v. *Chilton Club,* 318 Mass. 285, 287–288. The principle is not made inapplicable by the provision of G. L. c. 118A, § 3: ''Every decision of the department shall be final and binding upon the local board or bureau involved and shall be complied with by such local board or bureau.'' This is not a statute which ''expressly precludes judicial review'' within the meaning of G. L. c. 30A, § 14. In *Attorney Gen.* v. *Bureau of Old Age Assistance of Cambridge,* 324 Mass. 63, 66, it was noted that the correctness of the decision in favor of an applicant for old age assistance ''may have been subject to question on a writ of certiorari.'' In *Bureau of Old Age Assistance of Natick* v. *Commissioner of Pub. Welfare,* 326 Mass. 121, a decision of the commissioner of public welfare requiring the bureau of old age assistance to give aid to an applicant not settled in the town was quashed on certiorari on the petition of the bureau. The bureau's brief asserted the right to bring the petition and the point was not discussed in the opinion. The intent of the statement in c. 118A, § 3, as to the finality of the department's decision, is, we think, to emphasize that the aggrieved applicant, on appeal, has a right to a full trial and a superseding decision. See point 3, *post.* Hence, the omission to specify that the decision is binding on the applicant (noted without discussion in *Leigh* v. *Commissioner of Pub. Health & Charities of Lawrence,* 310 Mass.

343) is not evidence of an intent to give exceptional finality to the decision as against the municipality.

3. The record shows no basis for the petitioner's contention, under G. L. c. 30A, § 14 (8), that "[its] substantial rights . . . have been prejudiced because the agency decision is . . . (e) Unsupported by substantial evidence."

The department found that the aid recipient was entitled to a budgetary allowance in accordance with a provision in its Standards of Assistance (c. 118A, § 1)[1] calling for application of the "Household Expense Plan—Full Cost of Common Expenses," "as she resides with a single daughter." This conclusion was justified by the Standards which provide in part: "Household expense arrangements are the common methods of budgeting Aid to Dependent Children and General Relief families and are also applicable in Old Age Assistance when the recipient is responsible for all or part of the maintenance costs of the household. [¶] When a recipient and married children live together, the local board shall determine who is responsible for the maintenance of the household. The household expense plan shall be used only when the recipient is responsible for maintaining the household. [¶] The following are the most common household expense plans: 1. *Household Expense Plan—Full cost of common expenses* Applicable in the following instances: Old Age Assistance recipient . . . living with single child . . . . 2. . . . [Prorated share of common expenses applicable in certain old age assistance cases where recipient is married.] 3. *Household Expense Plan —Living in same home with married child.* . . . If it is determined that the recipient is maintaining the household . . . the following plans are used: . . . *If it is determined that the married child maintains the household, the client shall be budgeted on a board basis.*"

We see no ground for the petitioner's contention that the evidence required the use of the room and board basis set

---

[1] "Notwithstanding any provision of this chapter the department of public welfare shall at all times provide adequate standards of assistance . . . ."

out in the Standards.[1]   There is nothing in the Standards which expressly makes the board and room basis applicable to any case of a recipient living with an unmarried child. If there is in the Standards an implication that, where in fact the parent boards with the child, only the board and room basis may be used, that is immaterial, for there is no finding of that fact, and the evidence does not require such a finding but rather speaks against a boarding arrangement and in support of a finding of a common household with expenses shared.   The evidence showed and the department found that while the recipient had lived with her husband, with their single daughter in the household, the bureau had used the household expense plan to budget the recipient's needs, but when, after the death of the husband, the recipient and her daughter moved to an apartment hired by the daughter the bureau had shifted to a board and room budget.   The evidence included testimony as follows: the furniture belongs to the recipient, who is "running the house" as she had when her husband was alive; the daughter "does all . . . [the recipient's] business," "does all the shopping and payment of bills to run the house"; the recipient gave her daughter "the whole of" her monthly check to pay the bills; the daughter did not claim the recipient as a dependent on her income tax; she was not able fully to support her mother.

The provision that the "household expense plan shall be used only when the recipient is responsible for maintaining the household" is in the paragraph dealing with the case of the recipient and married children living together and refers thereto.

The issue on appeal to the department is not whether the bureau's finding would have been supportable on the

---

[1] "*Boarding Arrangements*   Whenever a client's needs include an amount for board and room, the rate actually paid for board and room . . . shall be paid . . . [not in excess of] the ceilings . . . .  1. *Boarding in home of married child* . . . .  2. *Boarding in home of non-legally liable relative* . . . .  3. *Boarding in home of non-relative or in a commercial boarding house* . . . .  4a. *Board and care in licensed Boarding Homes for the Aged* . . . .  4b. *Nursing Home Care in licensed Nursing Homes* . . . .  5. *Board and care in incorporated charitable homes* . . . .  6. *Rooming* . . . ."

evidence before the department, or was justified on the evidence before the bureau. The right on appeal includes a right to a redetermination of the issue. General Laws c. 118A, § 3, provides, "any person aggrieved . . . shall have a right to fair hearing, after due notice, upon appeal . . . . The commissioner or any referee designated by him is hereby empowered to subpoena witnesses, administer oaths, take testimony and secure the production of such books, papers, records and documents as may be relevant to such hearing. . . . The department may make such additional investigation as it may deem necessary and shall make such decision as to the granting of assistance and the amount of assistance to be granted as in its opinion is justified and in conformity with the provisions of this chapter. . . . Every decision of the department shall be final and binding upon the local board or bureau involved and shall be complied with by such local board or bureau." See G. L. c. 31, § 43 (b); *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 572–573. Compare G. L. c. 31, § 45; c. 32, § 16 (3); c. 175A, § 19. See also *Summit Fid. & Sur. Co.* v. *Commissioner of Ins.* 333 Mass. 476, 479.

4. There is nothing in the point that the department's computation was wrong in not showing as a resource the actual amount contributed by the daughter toward the rent of $80 a month. The budget allowed only $50 a month for rent and paragraph 7 of the Standards provides that "Income such as . . . legal contributions of children shall be considered as resources deductible from the budgeted needs . . . ." The computation deducted $8.85 as "daughter's legal liability," as computed by the bureau. No basis is shown for further deduction on account of the daughter's rent payments.

5. The final decree of the Superior Court is affirmed.

*So ordered.*