JOAN NAMVAR *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1] April 9, 1996. *Retirement. Public Employment,* Accidental disability retirement, Retirement.

The plaintiff, an associate professor of mathematics at Bunker Hill Community College, after eating lunch at the college cafeteria, slipped and fell while walking to her office to hold office hours for students. Because of the seriousness of her injury, she applied for accidental disability retirement pursuant to G. L. c. 32, § 7 (1) (1994 ed.). The sole issue is whether her personal injury was sustained, in the words of § 7 (1), "while in the performance of" her duties.

The Contributory Retirement Appeal Board (board) decided that the plaintiff was not injured "while in the performance of" her duties, relying on 1959 opinions of this court. See *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.,* 340 Mass. 112, 112-113 (1959) (employee injured on employer's premises while returning to work after lunch, not injured "while in the performance" of her duties); *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.,* 340 Mass. 109, 109, 111 (1959) (employee who fell on employer's premises while on way home to lunch, not injured "while in the performance" of her duties). This court held that the relevant language of the accidental disability retirement statute, G. L. c. 32, § 7, is

---

[1]State Board of Retirement.

"much more restrictive" than the language of the workers compensation act, G. L. c. 152 ("arising out of and in the course of . . . employment"). *Id.* In each case we held that the employee was not entitled to accidental disability retirement benefits, reversing the board's position.

On the employee's appeal, a judge of the Superior Court affirmed the board's decision. The Appeals Court in turn affirmed that judgment in an unpublished opinion. See 39 Mass. App. Ct. 1104 (1995). We granted further appellate review to consider whether the holdings of our 1959 opinions should continue to apply to bar accidental disability retirement benefits to a person injured on her employer's premises while returning from lunch.

We decline to overrule our 1959 opinions and see no meaningful factual distinction between this case and the 1959 cases. The rule stated in 1959 has stood for more than thirty-five years. Although the Legislature has· amended G. L. c. 32 at various times since 1959, it has not changed the relevant language of § 7. If the employee had been going from one place at which she had had an employment obligation to another such place, if she had had an employment duty at the cafeteria (as well as at her office), or if she had been performing a duty of her employment while walking to her office, the result would be different.

A line was drawn in 1959. As an initial matter, we might not draw it in the same place today. The rule is, however, well established. Consistency of treatment provides fairness among employees. If the Legislature wants to make a change and to devote more public funds to accidental disability retirement benefits, it can do so.

*Judgment affirmed.*

*Brian A. Riley* for the plaintiff.

*Kristin E. McIntosh,* Assistant Attorney General, for the defendants.