Fremont-Smith, J.
The Contribütory Retirement Appeal Board (“CRAB”) denied plaintiffs application for accidental disability retirement benefits based upon the decision of the Division of Administrative Law Appeals that “the appellant slipped and fell on the stairs while she was on her way to a coffee break. She was not performing her duties at the time of injury.”
If this finding of fact was based upon substantial evidence, the decision was correct as a matter of law. As stated in Boston Retirement Board v. Contributory Retirement Appeal Board, 340 Mass. 109 (1959), a more lenient standard under the Worker’s Compensation Act, G.L.chapter 152, for what is a work-related injury, is not applicable, so that to hold that “a person who falls while descending a flight of stairs on her way to lunch sustains her injury while in the performance of her duties obstructs the meaning of the statute beyond permissible limits.” This decision was recently reaffirmed in Namvar v. Contributory Retirement Appeal Board, 422 Mass. 1004 (1996).
Here, however, the matter must be remanded to the Division of Administrative Law Appeals, because it cannot be determined on the record, whether or not the crucial finding, that appellant “slipped and fell on the stairs while she was on her way to a coffee break,” was based on substantial evidence. In a 1993 “Joint Pre-Trial Statement,” the parties had stipulated that “on or about February 5, 1986, Mary O’Rourke while performing her duties as a LPN slipped on a wet floor and twisted her back” (emphasis added) and the PreTrial Statement’s “statement of disputed issues of fact” indicated that the only disputed issues were the nature and degree of her injuries. The scope of authority of an administrative judge or magistrate is limited, of course, to those issues which were in controversy and were litigated. This cannot be determined from this record, which contains no transcript of the hearing testimony. Although an agency or Presiding Officer “need not be bound by any stipulation which is found to be in contravention of law or erroneous on its face,” see C.M.R. 1.0, whether this issue was in controversy, whether the Magistrate’s finding in contravention of the stipulation was based upon substantial evidence and whether the stipulation itself was “erroneous on its face,” must be determined by way of further agency proceedings.
ORDER
Accordingly, the case is remanded to the Division of Administrative Law Appeals for further hearing and findings as to whether the appellant’s injuries were suffered in the performance of her duties under the criteria of Namvar, supra, and if so, whether the stipulation to the contrary was “erroneous on its face.” If the Division concludes after hearing that her injuries were suffered in the performance of her duties, the case shall then be remanded to a new Medical Panel for a determination of disability in accordance with the Division’s October 19, 1994 decision, pp. 8-9.