Doris C. Richard vs. Retirement Board of Worcester
& another.[1]

Worcester. February 10, 2000. - April 7, 2000.

Present: Marshall, C.J., Abrams, Lynch, Greaney, Ireland, Spina, & Cowin, JJ.

*Retirement. Public Employment,* Accidental disability retirement, Retirement.
*Statute,* Construction.

The Contributory Retirement Appeal Board correctly concluded that an
employee of a municipality who sought accidental disability retirement
benefits pursuant to G. L. c. 32, § 7, was not injured "as a result of, and
while in the performance of, [her] duties," where the employee was injured
in an automobile accident on her way to work before the start of the
workday. [164-167]

CIVIL ACTION commenced in the Superior Court Department on
May 11, 1998.

The case was heard by *Timothy S. Hillman,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Ronald B. Eskin* for the plaintiff.

*Michael Sacco* for Retirement Board of Worcester.

LYNCH, J. The plaintiff appeals from a decision of a judge in
the Superior Court affirming the Contributory Retirement Ap-
peal Board's denial of her application for accidental disability
retirement benefits pursuant to G. L. c. 32, § 7. We granted a
joint application of the parties for direct appellate review and
affirm.

The plaintiff, a public health nurse employed by the city of
Worcester (city) and assigned to work in the city's public
schools, was injured in an automobile accident while driving
from her home to her first school assignment of the workday.
The plaintiff regularly drove her personal automobile between
the various schools to which she was assigned daily and, at the

---

. [1]Contributory Retirement Appeal Board, a nominal party.

city's direction, she commuted from home directly to her first school assignment each morning, without making a stop at her office. Pursuant to a collective bargaining agreement with the Worcester Public Health Nurses Association, the city reimbursed the plaintiff for mileage costs she incurred for travel, within city limits, to her first school assignment of the day, between her various assignments, and from her last assignment to the health department office.

Because of her injuries, the plaintiff applied for accidental disability retirement benefits pursuant to G. L. c. 32, § 7. Her application was denied by the Worcester retirement board, a decision subsequently affirmed by the Contributory Retirement Appeal Board (board). The plaintiff appealed from the board's decision to the Superior Court pursuant to G. L. c. 30A, § 14, and a judge affirmed, holding that the plaintiff's injuries were not causally connected to her employment duties, as required by G. L. c. 32, § 7 (1). We conclude that the board's denial of the plaintiff's application was not "[b]ased upon an error of law," "[u]nsupported by substantial evidence," or otherwise "[a]rbitrary or capricious," and we, therefore, affirm. G. L. c. 30A, § 14 (7) (c), (e), (g).

The sole issue is whether the plaintiff's injuries were sustained, in the language of the accidental disability retirement statute, "as a result of, and while in the performance of, [her] duties." G. L. c. 32, § 7 (1). Resolution of this question is controlled by *Namvar* v. *Contributory Retirement Appeal Bd.*, 422 Mass. 1004, 1004-1005 (1996), where we reaffirmed our long-standing view that the causal nexus between a disabling injury and a claimant's employment duties required by G. L. c. 32, § 7 (1) ("while in the performance of . . . duties") is "much more restrictive" than that required by the workers' compensation act, G. L. c. 152, § 26 ("arising out of and in the course of . . . employment") and reflects the Legislature's intention to limit accidental disability retirement benefits to claimants whose injuries result from the actual performance of their job duties. See *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 340 Mass. 109, 111 (1959). Accordingly, we concluded in *Namvar* that a State employee injured when she slipped and fell on her employer's premises while returning to her office from lunch did not qualify for disability retirement benefits under the statute. See *Namvar* v. *Contributory Retirement Appeal Bd.*, *supra*, citing *Boston Retirement Bd.*

v. *Contributory Retirement Appeal Bd.*, 340 Mass. 112, 112-113 (1959) (same result on similar facts), and *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, *supra* at 109, 111 (same result where employee injured on employer's premises while on way home to lunch). Importantly, with respect to injuries sustained in the course of travel, we reasoned that, if an employee were injured while going from one place at which she had an employment obligation to another such place, or while actually performing an employment duty during travel, then such injuries would satisfy the statute's requirement that a disabling injury be sustained both "as a result of" and "while in the performance of" employment duties. G. L. c. 32, § 7 (1). See *Namvar* v. *Contributory Retirement Appeal Bd.*, *supra* at 1005. As neither of these exceptions applies in this case, the plaintiff failed to meet her statutory burden of proving a causal connection between her injuries and her employment duties, and her application was therefore properly denied.

The plaintiff argues that her situation may be distinguished from the *Namvar* case, and cases cited therein, because her commute from home directly to her first school assignment each morning, without an intermediate stop at her office, was "compelled" by the city, thus rendering this commute a duty of her employment. These facts, however, do not set the plaintiff's situation apart from that of most employees in this Commonwealth, who, in order to maintain gainful employment, must meet their employer's expectation that they report to a designated workplace at an appointed time. The plaintiff was required to begin work at a specific hour (8 A.M.), and she was injured while traveling from home, where she had no employment obligation, to a workplace designated by the city, prior to the regular start time of her workday. It is immaterial that the city directed her to begin that workday at some location other than her office. Moreover, that the city, pursuant to the terms of a collective bargaining agreement, reimbursed the plaintiff for employment-related mileage costs incurred within the Worcester city limits does not render her commute from home to her assigned workplace, or any portion thereof, an employment duty, as this court has construed that term in the context of G. L. c. 32, § 7 (1). See G. L. c. 150E, § 7 (*d*) (c. 32 not included among statutes over which conflicting terms of collective bargaining agreements prevail); *School Comm. of Natick* v. *Education Ass'n of Natick*, 423 Mass. 34, 39 (1996), quoting

*National Ass'n of Gov't Employees* v. *Commonwealth*, 419 Mass. 448, 452, cert. denied, 515 U.S. 1161 (1995) (unless statute is expressly enumerated in G. L. c. 150E, § 7 [*d*], it prevails over contrary terms of collective bargaining agreement). Thus, even if the injuries the plaintiff suffered during her commute could reasonably be construed to have occurred "as a result of" her employment, they nevertheless do not satisfy the statute's further requirement that a disabling injury occur while the employee is actually engaged in the performance of an employment duty. See *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, *supra* at 111. As our reasoning in the *Namvar* case, *supra* at 1005, indicates, this case would be very different if the plaintiff had sustained her injuries while traveling, as mandated by the city, *between* the various locations at which she had employment obligations during the regular course of her workday.

The plaintiff's reliance on the minimum fair wage act, G. L. c. 151, and the workers' compensation act, G. L. c. 152, in urging a broad construction of employment "duties" in G. L. c. 32, § 7 (1), is misplaced. Regulations promulgated to implement the minimum fair wage act provide that, if an employee "is required, for the convenience of the employer, to report to a location other than his/her regular work site," then, for purposes of computing compensation, the employee's workday includes the travel time from the regular to the alternative work site. 455 Code Mass. Regs. § 2.03(2) (1997). However, this regulatory definition of the wage-earner's workday offers no guidance for interpreting the scope of the term "duties" in G. L. c. 32, § 7 (1), as it is well settled that the mere coincidence of compensation and injury does not suffice to establish the causal nexus between a disability and "the performance[ ] of [employment] duties" required by the statute.[2] See *Hough* v. *Contributory Retirement Appeal Bd.*, 309 Mass. 534, 537-538 (1941) (disabling injury sustained at workplace insufficient by itself to entitle employee to statutory disability retirement benefits; employee must additionally prove causal connection between disability and accident occurring, or hazard encountered, while engaged in work duties); *Lisbon* v. *Contributory Retirement Appeal Bd.*, 41 Mass. App. Ct. 246, 255-259 (1996) (same). Moreover, although Massachusetts courts have held that injuries

---

[2]We note, additionally, that the plaintiff here was a salaried, not an hourly wage-earning, employee, and thus the cited regulation is inapposite.

an employee suffers while traveling outside of work hours may be compensable under the workers' compensation act where the travel was required by the employer, see *Swasey's Case*, 8 Mass. App. Ct. 489, 493, 494 (1979), citing *Caron's Case*, 351 Mass. 406, 409 (1966), the causation element of that act, as already noted, is far less restrictive than that of the accidental disability retirement statute. Compare G. L. c. 152, § 26, with G. L. c. 32, § 7 (1). See *Namvar* v. *Contributory Retirement Appeal Bd.*, *supra* at 1004-1005; *Boston Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, *supra* at 111.

As in the *Namvar* case, we acknowledge that the strict causation requirement of G. L. c. 32, § 7 (1), can yield harsh results for employees who have suffered disabling injuries. However, to reiterate what we said in that case, unless and until the Legislature amends the accidental disability retirement statute to relax this requirement, fairness demands that we apply the statute's terms consistently to all claimants. See *Namvar* v. *Contributory Retirement Appeal Bd.*, *supra* at 1005.

*Judgment affirmed.*