Tucker, Richard T., J.
This is a G.L.c. 30A appeal challenging the decision of the Contributory Retirement Appeals Board (CRAB) that plaintiff J ames Gardner is not entitled to accidental disability benefits *515 pursuant to G.L.c. 32, §7. The plaintiff contends that the decision of CRAB was erroneous and not supported by substantial evidence. After review of the full administrative record in light of the standards applicable under G.L.c. 30A, §14(7), the court concludes that the decision of CRAB must be affirmed.
The central issue in this matter is whether Lt. James Gardner of the Hopedale Police Department was injured “. . . as a result of, and while in the performance of, his duties . . .” when, while on duty and in uniform, he slipped on ice and fell in the parking lot of the Hopedale Police Station on Januaiy 26, 2006, at approximately 6:30 p.m., as he was walking to his police cruiser. G.L.c. 32, §7. It is uncontested that Lt. Gardner was one of only two Hopedale police officers on duty during the 3:00 p.m. to 11:00 p.m. shift on that date; that he served as the shift commander; that all police officers of Hopedale are permitted to take 20- to 30-minute dinner breaks, if time and the exigencies of police work permit; that during such a dinner break, the police officer remains on duty.
While on duty on Januaiy 26, 2006, at approximately 6:30 p.m. Lt. Gardner left the police station intending to drive to his home in his police cruiser for a short dinner break. While approaching the police cruiser he slipped and fell on ice in the parking lot seriously injuring his right knee leading to his incapacity and eventual retirement.
CRAB and the Worcester Regional Retirement Board (Board), concede that Lt. Gardner was on duty as he approached his cruiser. They contest, however, whether he was “in the performance of his duties” at that time as is required under G.L.c. 32, §7 governing accidental disability retirement.
The plaintiff correctly states that the courts have adopted in course of travel cases, a coming from-going to approach in determining whether an employee’s travel is “in the performance of, his duties.” In Richard v. Retirement Board of Worcester, 431 Mass. 163, 165 (2000), the Supreme Judicial Court discussed its prior decision of Namvar v. Contributory Retirement Appeal Board, 422 Mass. 1004, 1004-05 (1996). In Richard, the court stated:
Importantly, with respect to injuries sustained in the course of travel, we reason that, if an employee were injured while going from one place at which she had an employment obligation to another such place, or while actually performing an employment duty during travel, then such injuries would satisfy the statute’s requirement that a disabling injury be sustained both “as a result of’ and “while in the performance of’ employment duties.
G.L.c. 32, §7(1). The plaintiff argues that Lt. Gardner was traveling from the station house at which he concededly had employment duties, to his cruiser in which, it is argued, he continued to have employment duties of patrol and providing a police presence within the town even while en route to his own home. This argument receives some support from CRAB’s prior decision of McCusker et al v. Public Employee Retirement Administrative Commission, CR-02-1316 (Jan. 30, 2003), in which it is stated: “in the instant case, the petitioner was injured while he was traveling from a place where he did not have an employment obligation (at home where he ate dinner), to his cruiser, where he did have an employment obligation.” (Italics added.) Combining the reasoning of Richard with that statement in McCusker, the plaintiff maintains that at all times he was in the performance of his duties going from aplace of employment (station house), to another place of employment (the police cruiser).
Other decisions have looked beyond the mere physical location of an employee at the time of an injury and analyzed the purpose for which the employee was there. Thus in Griffin v. Revere Retirement Board, CR-98-797 (Jan. 21, 2000), an on-duty police officer who returned during his shift to the station, presumably via his police cruiser, to pick up his paycheck and slipped on the exterior station stairs, was deemed not to have been acting in the performance of his duties at the time. See Namvar v. Contributory Retirement Appeal Board, 422 Mass. 1004 (1996) (college professor slipped and was injured while walking to her office from the college cafeteria where she had lunch; held that her injury was not sustained “while in the performance of’ her duties); Boston Retirement Board v. Contributory Retirement Appeal Board, 340 Mass. 109, 111 (1959) (municipal employee injured on flight of stairs at her place of employment while on her way home to lunch, not injured “while in the performance of’ her duties).
“Under the substantial evidence test, a reviewing court is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the [agency].” Retirement Board of Brookline v. Contributory Retirement Appeal Board, 33 Mass.App.Ct. 478, 480 (1992), quoting Pyramid Co. v. Architectural Barriers Board, 403 Mass. 126, 130 (1998). Taking the Griffin, Namvar and Boston Retirement Board decisions into account, this court cannot find that substantial evidence does not exist to provide support for CRAB’s decision. As has been stated a number of times, the strict requirements of G.L.c. 32, §7(1) can yield harsh results for employees who have suffered disabling injuries. Nonetheless, this court cannot state that CRAB’s decision was arbitrary, capricious or unsupported by substantial evidence. Accordingly the Cross Motion of the Defendants for Judgment on the Pleadings is ALLOWED and the Motion for Judgment on the Pleadings of the plaintiff is DENIED.